UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OMAHA, NEBRASKA

File #: A240 135 671                                                Date:   September 5, 2025

IN THE MATTER OF:                           )
                                            )
**Joel Ramirez Melgar**                     )           IN CUSTODY
                                            )           PROCEEDINGS
Respondent.                                 )
                                            )

ON BEHALF OF RESPONDENT:                    ON BEHALF OF THE GOVERNMENT:
Jamie Arango, Esq.                          Brian Stransky, Assistant Chief Counsel
Arango Law, LLC                             U.S. Department of Homeland Security
4546 S. 86th St. Suite A                    Immigration and Customs Enforcement
Lincoln, NE. 68526                          1717 Avenue H, Suite 174
Omaha, NE  68110

CHARGES:     Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("the Act" or "INA")—Alien present in the United States without being admitted or paroled or who arrived in the United States at a time or place other than designated by the Attorney General.

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("the Act" or "INA")—"Any alien who at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, or who is not in possession of a valid unexpired passport, or other suitable document, or identity and nationality document if such document is required by regulations issued by the Attorney General pursuant to Section 211(a) of the Act."

APPLICATION:     Custody Redetermination

## BOND MEMORANDUM AND ORDER OF THE IMMIGRATION JUDGE

### I. BACKGROUND AND PROCEDURAL HISTORY

Joel Ramirez Melgar ("Respondent") is a native and citizen of Guatemala who entered the United States at or near an unknown location on an unknown date without being admitted or paroled after inspection by an immigration officer. On July 29, 2025, the Department of

1 A240 135 671                                                      **Bond Memorandum**

Homeland Security ("DHS" or "the Department") issued a Notice to Appear ("NTA") charging the respondent with the above-referenced violations of the INA only. *See* Exh. 1. The respondent admitted allegations one through found, denied allegation five, conceded the INA § 212(a)(6)(A)(i) charge, but denied the 212(a)(7)(A)(i)(I) charge. Respondent was granted a bond four thousand dollars and the Department lodged an auto-stay so his case is being heard on the detained docket.

## II. EVIDENTIARY RECORD - BOND

The Court has considered all relevant testimonial and documentary evidence in the record, even if not specifically summarized herein. *See Lemuz-Hernandez v. Lynch*, 809 F.3d 392 (8th Cir. 2015).

### 1. Documentary Evidence

Exhibit 1B:   Respondent's Motion for Bond Hearing, rec'd August 20, 2025;
Exhibit 2B:   Respondent's Bond Brief, rec'd August 20, 2025;
Exhibit 3B:   DHS Filing- I-213 and attachments, pages 1-11, rec'd July 31, 2025;

## III. STATEMENT OF LAW

### 1. Mandatory Detention

An alien is subject to mandatory detention if he is inadmissible or deportable for having committed any offense covered in INA Section 212(a)(2) (criminal inadmissibility grounds), Section 237(a)(2)(A)(ii) (multiple CIMT convictions), Section 237(a)(2)(A)(iii) (aggravated felony convictions), Section 237(a)(2)(B) (controlled substance offenses), Section 237(a)(2)(C) (firearm offenses), Section 237(a)(2)(D) (national security offenses), Section 237(a)(2)(A)(i) (CIMT conviction) if the alien was sentenced to at least one year, Section 212(a)(3)(B) (terrorist activities), or Section 237(a)(4)(B) (terrorist activities). *See* INA § 236(c)(1). An Immigration Judge ("IJ") does not have jurisdiction to redetermine conditions of custody when an alien is subject to mandatory detention. *See* 8 C.F.R. § 1003.19(h)(2)(i)(D). However, an alien may request a bond hearing before an IJ to determine whether he is "properly included" in a mandatory detention category. *See id.* § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I&N Dec. 799, 802-03 (BIA 1999). An alien is "properly included" in a mandatory detention category unless he can show that the government is "substantially unlikely" to establish the charge of removability that would otherwise subject the alien to mandatory detention. *See Joseph*, 22 I&N Dec. at 806.

### 2. Discretionary Detention

An Immigration Judge has jurisdiction to review custody and bond determinations made by DHS so long as a respondent's criminal convictions do not render him subject to mandatory detention under Section 236(c) of the INA. *See also* 8 C.F.R. § 1003.19. An alien in removal proceedings has no constitutional right to bond out of detention. *See Carlson v. Landon*, 324 U.S. 524, 534 (1952). The respondent bears the burden of demonstrating to the satisfaction of the IJ that his release "would not pose a danger to property or persons, and that (he) is likely to appear for any future proceeding." *Matter of Adeniji*, 22 I&N Dec. 1102, 1113 (BIA 1999) (sic);

8 C.F.R. § 1236.1(c)(8); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006); *Matter of Urena*, 25 I&N Dec. 140, 141-42 (BIA 2009). The respondent must do so by "clear and convincing evidence." 8 C.F.R. § 1236.1(c)(3).

In general, when evaluating a respondent's petition for custody redetermination, an I.J. must consider whether an alien is a danger to the community, a risk to national security, or a flight risk. *See Guerra*, 24 I&N Dec. at 40. The IJ may base a custody redetermination on "any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). Among the factors an IJ may consider are:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Guerra*, 24 I&N Dec. at 40. A respondent who fails to meet his burden will properly be denied bond. *See id.*; *Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000); *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994). Moreover, "an [IJ] has broad discretion in deciding the factors that he or she may consider in custody determinations," and an IJ "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Guerra*, 24 I&N Dec. at 40.

## IV. FINDINGS AND ANALYSIS

### 1. Mandatory Detention

The Department objected to the bond hearing as respondent is in INA § 212 proceedings made as a standing objection to several bond cases. The Department of Homeland Security ("DHS") argued that the Court does not have jurisdiction to issue a bond because the respondent is an applicant for admission and is subject to mandatory custody pursuant to INA § 235(b)(2)(A). The argument is based on INA § 235(b)(2)(A) - which states:

> **Inspection of other aliens.** Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 240 [8 USCS § 1229a].

According to DHS, the respondent is considered an alien seeking admission because she is present in the United States without admission.[1]

---

[1] **Pursuant to INA § 235(a)(1) –**

3 A240 135 671                                                                           Bond Memorandum

To date, the Board has not yet published a case on this specific issue. Case law currently insinuates an Immigration Judge has jurisdiction to redetermine a bond for those who entered without inspection. See for example:

- *Matter of D-J-*, **23 I&N Dec. 572 (A.G. 2003)** (finding an Immigration Judge has broad discretion in bond proceedings and that an alien should not be released for reasons of national security and immigration policy – but not indicating a lack of jurisdiction where a Haitian citizen was encountered illegally entering the United States ashore in Florida and charged with inadmissibility pursuant to INA § 212(a)(6)(A)(i)).

- *Matter of Garcia-Garcia*, **25 I&N Dec. 92 (BIA 2009)** (finding an Immigration Judge has authority to modify conditions of a DHS release for a case involving a Guatemalan citizen, who entered the United States without admission, and was later arrested by DHS as part of a fugitive alien operation).

The NTA does not list him as an arriving alien but instead checks the box, "You are an alien present in the United States who has not been admitted or paroled". This is at odds with the scant argument presented at this bond hearing.

While the Court understands that the post hoc issuance of an immigration warrant does not convert a § 235 case into a § 236 case, (see *Matter of Q. Li*, 29 I&N Dec. 66, fn.4 (BIA 2025), there was no other authority asserted in DHS' filings. *Matter of Q.Li*, 29 I&N Dec. 66 is also not on point here. Respondent's NTA does not say that he rebutted an expedited removal, and no evidence is presented respondent ever sought admission into the United States. He is charged with entering unlawfully to the United States in 2003 and no evidence is presented that in the last twenty-two years respondent ever sought admission or tried in any way to legalize his status.

Thus, the Court finds respondent is being held pursuant to INA § 236 authority and has jurisdiction for a bond hearing.

## 2. Discretionary Bond

The Court must determine whether the respondent is a danger to the community. A review of the record shows no factors that could lead to a danger to the community finding. The parties confirm respondent has only driving offenses and was not drinking in any of them. The Department did not argue respondent was a danger to the community so the Court finds respondent is not a danger to the community.

In terms of flight risk, the respondent has been in the United States since 2003. He has two Untied States citizen children. Although the children live in Pennsylvania, he just saw them before being encountered by immigration authorities. He should not have been driving, but two

---

**Aliens treated as applicants for admission.** An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this Act an applicant for admission.

4 A240 135 671                                                                  **Bond Memorandum**

driving offenses when considering his lengthy time in the United States and potential for strong forms of relief in the form of two versions of Cancellation of Removal for Certain Non-Permanent Residents do not make him an extreme flight risk. The Court finds respondent is a moderate flight risk, and a bond in the amount of $4,000 assuages the Court's flight risk concerns.

### V. CONCLUSION

The Court therefore grants the respondent bond in the amount of $4,000.

### ORDER OF THE IMMIGRATION JUDGE

**IT IS HEREBY ORDERED** that Respondent's request for a change in custody status is **GRANTED and he shall be released on bond in the amount of $4,000.**

*Matthew C. Morrissey*
**Matthew E. Morrissey**
Immigration Judge

5 A240 135 671                                              **Bond Memorandum**